UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

RICHARD HARDWICK,

Plaintiff,

v.

AL LAMBERTI, individually, and in his
official capacity as Sheriff of Broward County,
Florida (Broward County Sheriff's Office), and;
ARMOR CORRECTIONAL HEALTH
SERVICES, INC., a Florida corporation.

Defendants.
_____/

07-61296

CIV - GOLD

MAGISTRATE JUDGE
TURNOFF

FILED by _____ D.C.
INTAKE
SEP 12 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## ORIGINAL COMPLAINT

Plaintiff, RICHARD HARDWICK, (hereinafter "HARDWICK"), through his retained undersigned attorneys, files this Original Complaint against the Defendants, AL LAMBERTI, individually, and in his official capacity as Sheriff of Broward County, Florida (Broward County Sheriff's Office), and; ARMOR CORRECTIONAL HEALTH SERVICES, INC., a Florida corporation, and alleges:

### PRELIMINARY STATEMENT

1. This case is brought pursuant to 42 U.S.C. § 1983, and the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA"). Plaintiff Hardwick is a 52-year-old HIV-positive U.S. citizen residing in Broward County, Florida who was incarcerated in the Broward County Jail (often called the "Main Jail") in Fort Lauderdale, Florida from about March 28, 2007 until about August 9, 2007. Hardwick has been taking various medications since the early 1990's intended to prevent his HIV from developing into Acquired Immune Deficiency Syndrome (AIDS), a known serious and

often deadly disease. During his incarceration, despite Defendants' knowledge of Hardwick's serious medical condition and Hardwick's requesting the HIV-related medications he had been previously taking, he was denied access to these medications as well as any other medications for his condition. As a result of Defendants willful and deliberate indifference to Hardwick's very serious medical needs during his incarceration, Hardwick's health deteriorated irreparably and substantially as a result of his not having access to critical and necessary HIV medications. Defendants intentionally refused to provide Hardwick with minimally adequate medical care and accommodations as required under the Americans with Disabilities Act (the "ADA"), and intentionally denied Hardwick access to minimally adequate medical treatment and care in violation of the Eighth Amendment of the United States Constitution. These acts are shocking to the conscience, are a sever deprivation of civil rights, and are intolerable in a society governed by civil laws and considerations of due process.

## JURISDICTION AND VENUE

2. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The substantive claims herein arise under 42 U.S.C. §§ 1983; 42 U.S.C. § 12101 *et seq.*; and the Eighth Amendment to the United States Constitution.

## PARTIES

3. Hardwick is a citizen of the United States and a resident of Broward County, Florida, which is in the Southern District of Florida. Hardwick was incarcerated at the Broward County Jail from about March 28, 2007 until about August 9, 2007, during which time he was within the custody and control of the Defendants and their employees.

2

4. Defendant Sheriff Al Lamberti ("Sheriff Lamberti"), as the Sheriff of Broward County, is responsible for the administration, operation and supervision of the Broward County Jail, and for the promulgation and enforcement of rules, regulations, policies, customs and practices relevant thereto and at all times pertinent hereto was acting in that capacity and under color of state law. Lamberti is the individual with final policy-making authority for BSO and its multiple detention facilities, including the Broward County Jail. Sheriff Lamberti is being sued individually and in his official capacity as Sheriff of Broward County. The Broward County Sheriff's Office is the nation's largest nationally accredited sheriff's department with 6,300 employees, including more than 2,800 certified deputies and more than 600 fire rescue professionals. One of BSO's divisions is its Department of Detention and Community Control ("DODCC"). Pursuant to 18.40(a) of the Broward County Administrative Code. "[t]he Sheriff [Lamberti], as the Chief Correctional Officer, is solely responsible for the operation of the existing correctional System . . .". DODCC operates the 12th largest local jail system in the United States. DODCC oversees all jail facility operations and community-based offender programs within Broward County. According to BSO, approximately 77,000 inmates are annually booked into BSO's jails for crimes ranging from civil infractions to murder. The average daily population at all jail facilities including work-release inmates, exceeds 4,600. DODCC operates and administers five jail facilities in Broward County: (1) the Main Jail (the Broward County Jail), also home to Central Intake (Inmate Booking); (2) the Joseph V. Conte Facility; (3) the Stockade Facility; (4) the North Broward Bureau, and; the Sheriff's North Jail.

5. Defendant Armor Correctional Health Services, Inc., ("Armor"), is a Florida corporation which at all times relevant to this Complaint contracted with the Sheriff of Broward County and/or Broward County to provide medical/health care to prisoners at the Broward County Jail and at all times pertinent hereto, Defendant Armor was acting in that capacity and under color of state law.

## GENERAL FACTUAL ALLEGATIONS

6. From about March 28, 2007 until about August 9, 2007 Hardwick was confined at the Broward County Jail in downtown Fort Lauderdale and was during that time in the custody, care and control of Sheriff Lamberti.

7. Sometime around 1986, Hardwick contracted the human immunodeficiency virus (HIV). HIV damages the human immune system in such a way that, if left untreated, results in a disease called acquired immune deficiency syndrome (AIDS). There currently is no known cure for AIDS, which leaves a victim susceptible to opportunistic infections and other conditions which often cause death.

8. Since the early 1990's, Hardwick has been taking various medications and "drug cocktails" designed to slow or prevent his HIV-status from becoming AIDS. Hardwick's HIV-positive status substantially affects numerous major life activities and Hardwick is unable to function adequately or maintain his health without access to these critical medications and drugs. In fact, he is highly prone to developing AIDS if he is unable to ingest these medications and drugs.

9. Hardwick's needs are well documented and outlined in numerous medical records in the possession and control of Defendants or readily available to them.

10. Defendants were aware of Hardwick's condition and need for medication within two (2) days of his arrival at the Broward County Jail. Hardwick repeatedly made Defendants aware of his HIV condition and repeatedly made requests to Defendants to make these medications or any type of HIV medications available to him. Defendants regarded Hardwick as being HIV-positive.

11. At several Broward Circuit Court hearings during his incarceration, Hardwick complained to the court on the record that he had repeatedly asked Defendants to provide access to HIV medications and Defendants were deliberately ignoring and/or denying his requests.

12. Upon Mr. Hardwick's arrival and admission to the Broward Jail, his medical records and other documents detailing his medical needs were provided to Armor and the Broward County Sheriff's Office. Hardwick informed Armor and staff employed by Sheriff Lamberti that he was HIV-positive and required critical medications.

13. Despite knowledge of this information, Sheriff Lamberti's employees and Armor refused to provide Hardwick with his needed medications and/or otherwise accommodate his serious needs.

14. On numerous occasions, Hardwick repeatedly requested access to his necessary HIV medications from employees of Sheriff Lamberti and Armor and they intentionally ignored and/or denied Hardwick's requests.

15. Thus during his incarceration, Hardwick was denied access to his HIV medications was put at serious risk of personal injury and eventual death. In fact, during his incarceration, Hardwick's health deteriorated significantly, which included alarming, dangerous, and possibly permanent drops in his "T-cell" counts. Medical tests are still being performed which will reveal the true extent of Hardwick's injuries.

16. It is the policy, practice, custom and procedure of Armor to refuse and/or delay providing HIV medications to prisoners as a cost saving method of administering medical care for the Broward County Sheriff's Office.

17. It is the policy, practice, custom and procedure of Sheriff Lamberti to refuse and/or delay providing HIV medications to prisoners in the custody of the Broward County Sheriff's Office.

18. When Hardwick ceased receiving his HIV medications during his incarceration, his general heath declined, he became frail, developed painful sores in his mouth, he experienced painful swelling in various parts of his body and had difficulty ingesting adequate nourishment.

19. At all times relevant to this Complaint, it was Defendant Sheriff Lamberti's and Armor's widespread custom, policy, practice and/or procedure to outright deny medical treatment of or be deliberately indifferent to the serious medical needs of Plaintiff and other HIV-positive inmates incarcerated in Broward County.

20. The refusal and delay of providing HIV medications and/or other necessary special medical treatment to Hardwick constitutes a deliberately indifferent institutional failure to provide minimally adequate medical care which shocks the conscience. The injuries arising from this failure are a result from the policies, practices, customs, procedures and/or institutional arrangements of Armor and/or Sheriff Lamberti at the Broward County Jail.

## CONDITIONS PRECEDENT

21. Hardwick has complied with all applicable conditions precedent in this case, or they have been waived.

## COUNT I
### (ADA claim against Sheriff Lamberti in his Official Capacity)

22. Count I is brought against Defendant Sheriff Lamberti in his official capacity pursuant to the ADA for discrimination against Mr. Hardwick, as an HIV-positive inmate at great risk of developing AIDS.

23. Mr. Hardwick repeats and re-alleges paragraphs 1 through 21 as if fully set forth herein.

24. Mr. Hardwick suffers from a disability as defined by the ADA in that he is HIV-positive.

25. Mr. Hardwick is otherwise qualified under the ADA for the benefits the ADA was intended to protect.

26. That is, but for his HIV-positive status and need for medication, Hardwick would be able to participate in all major life activities, services and benefits Sheriff Lamberti provides other inmates who do not have HIV or AIDS at the Broward County Jail.

27. Those major life activities, services and benefits include but are not limited to the following:
    (i) the ability to consume adequate nourishment;
    (ii) the ability to maintain an adequate immune system;

28. Mr. Hardwick was excluded from these major life activities at the Broward County Jail due to Sheriff Lamberti's discrimination based upon Mr. Hardwick's HIV-positive condition.

29. As a result, Mr. Hardwick suffered damages in an amount to be determined at trial for his physical injuries, and emotional injuries including

embarrassment, humiliation, mental anguish, fear, and/or the loss of participation in services, benefits, or programs offered at the Broward Jail.

WHEREFORE, Mr. Hardwick respectfully requests this Court to enter judgment declaring (1) that the acts and omissions of defendant Sheriff Lamberti, as set forth above, violate rights secured to Hardwick by the ADA, (2) that the Court award damages to Hardwick, (3) the Court require defendant Sheriff Lamberti to pay the legal costs and expenses herein including reasonable attorneys' fees, and (4) that the Court grant such further relief as it deems appropriate.

## COUNT II
### (42 U.S.C. § 1983 Claim against Sheriff Lamberti Individually)

30. Count II is brought against Defendant Sheriff Lamberti individually pursuant to 42 U.S.C. § 1983 for deliberate indifference to the critical medical needs of Hardwick, as an HIV-positive individual.

31. Hardwick repeats and re-alleges paragraphs 1 through 21 as if fully set forth herein.

32. Sheriff Lamberti knew at the time Hardwick was admitted to the Broward County Jail on about March 28, 2007 that Hardwick was in serious medical need of common, inexpensive, readily available HIV medications that were necessary to preserving Hardwick's health and preventing him from developing AIDS, a known deadly disease.

33. In addition, Sheriff Lamberti knew that at or near the time Mr. Hardwick suffered subsequent personal injuries at the Broward Jail, he was in serious medical need of special treatment and additional care for his condition.

34. Despite Sheriff Lamberti's knowledge of Hardwick's serious needs, Sheriff Lamberti took no action and/or insufficient action to accommodate Mr. Hardwick.

35. Sheriff Lamberti knew that taking no action and/or insufficient action to accommodate Hardwick's serious needs, could result in far more serious consequences to Mr. Hardwick than might occur with prompt attention.

36. As a direct and proximate result of the failure of Sheriff Lamberti to take any action or insufficient action to accommodate Hardwick, Hardwick suffered great physical injury, pain, discomfort and mental anguish.

37. In failing to accommodate Mr. Hardwick's serious needs, Sheriff Lamberti was deliberately indifferent to Mr. Hardwick's Eighth Amendment rights.

38. As a result, Mr. Hardwick suffered damages in an amount be determined at trial for his physical injuries, and emotional injuries including embarrassment, humiliation, mental anguish, fear, and/or the loss of participation in services, benefits, or programs offered at the Broward County Jail.

WHEREFORE, Mr. Hardwick respectfully requests this Court to (1) enter judgment declaring that the acts and omissions of Sheriff Lamberti, as set forth above, violate rights secured to Hardwick by the Eighth Amendment to the Constitution of the United States, (2) that the Court award damages to Mr. Hardwick, (3) the Court require defendant Sheriff Lamberti to pay the legal costs and expenses herein including reasonable attorneys' fees, and (4) that the Court grant such further relief as it deems appropriate.

## COUNT III
### (42 U.S.C. § 1983 Claim against Sheriff Lamberti in his Official Capacity)

39. Count III is brought against Defendant Sheriff Lamberti in his official capacity pursuant to 42 U.S.C. § 1983 for deliberate indifference to the critical medical needs of Hardwick, as an HIV-positive individual requiring medication to prevent substantial health deterioration and even death.

40. Mr. Hardwick repeats and re-alleges paragraphs 1 through 21 as if fully set forth herein.

41. Sheriff Lamberti and/or his employees or his agents, knew at the time Hardwick was admitted to the Broward County Jail on about March 28, 2007 that Hardwick was in serious medical need of common, inexpensive, readily available HIV medications that were necessary to preserving Hardwick's health and preventing him from developing AIDS, a known deadly disease.

42. Despite Sheriff Lamberti's and/or his employees' or his agents' knowledge of Hardwick's serious medical needs, they took no action and/or insufficient action to accommodate Mr. Hardwick.

43. Sheriff Lamberti and/or his employees or his agents knew that taking no action and/or insufficient action to accommodate Hardwick's serious needs, could result in the rapid and permanent deterioration of Hardwick's health and even his developing of AIDS, a known deadly disease.

44. At all times relevant to this Complaint, it was Defendant Sheriff Lamberti's widespread custom, policy, practice and/or procedure to outright deny medical treatment of or be deliberately indifferent to the serious medical needs of Plaintiff and other HIV-positive inmates incarcerated in Broward County.

45. As a direct and proximate result of the Sheriff's Office's institutional outright denial of medical treatment and/or deliberate indifference toward Hardwick's serious medical needs, Hardwick suffered great physical injury, pain, discomfort and mental anguish.

46. In failing to accommodate and treat Mr. Hardwick's serious needs, Sheriff Lamberti and/or his employees or his agents, were deliberately indifferent to Mr. Hardwick's Eighth Amendment rights.

47. As a result, Mr. Hardwick suffered damages in an amount be determined at trial for his physical injuries, and emotional injuries including embarrassment, humiliation, mental anguish, and fear.

WHEREFORE, Mr. Hardwick respectfully requests this Court to (1) enter judgment declaring that the acts and omissions of Sheriff Lamberti, as set forth above, violate rights secured to Mr. Hardwick by the Eighth Amendment to the Constitution of the United States, (2) that the Court award damages to Mr. Hardwick, (3) the Court require defendant Sheriff Lamberti to pay the legal costs and expenses herein including reasonable attorneys' fees, and (4) that the Court grant such further relief as it deems appropriate.

## COUNT IV
### (42 U.S.C. § 1983 claim against Armor)

48. Count IV is brought against Defendant Armor pursuant to 42 U.S.C. § 1983 for deliberate indifference to the serious medical needs of Mr. Hardwick.

49. Hardwick repeats and re-alleges paragraphs 1 through 21 as if fully set forth herein.

50. Armor knew at the time Hardwick was admitted to the Broward County Jail on about March 28, 2007 that Hardwick was in serious medical need of common, inexpensive, readily available HIV medications that were necessary to preserving Hardwick's health and preventing him from developing AIDS, a known deadly disease.

51. In addition, Armor knew that at or near the time Mr. Hardwick suffered subsequent personal injuries at the Broward Jail, he was in serious medical need of special treatment and additional care for his injuries.

52. Despite Armor's knowledge of Hardwick's serious needs, Armor took no action and/or insufficient action to accommodate Mr. Hardwick.

53. Armor knew that taking no action and/or insufficient action to accommodate Hardwick's serious needs, could result in far more serious consequences to Mr. Hardwick than might occur with prompt attention.

54. At all times relevant to this Complaint, it was Defendant Sheriff Lamberti's widespread custom, policy, practice and/or procedure to outright deny medical treatment of or be deliberately indifferent to the serious medical needs of Plaintiff and other HIV-positive inmates incarcerated in Broward County.

55. As a direct and proximate result of Armor's institutional outright denial of medical treatment and/or deliberate indifference toward Hardwick's serious medical needs, Hardwick suffered great physical injury, pain, discomfort and mental anguish.

56. In failing to accommodate Mr. Hardwick's serious needs, Armor was deliberately indifferent to Mr. Hardwick's Eighth Amendment rights.

57. As a result, Mr. Hardwick suffered damages in an amount be determined at trial for his physical injuries, and emotional injuries including embarrassment,

humiliation, mental anguish, fear, and/or the loss of participation in services, benefits, or programs offered at the Broward County Jail.

WHEREFORE, Mr. Hardwick respectfully requests this Court to (1) enter judgment declaring that the acts and omissions of Armor, as set forth above, violate rights secured to Hardwick by the Eighth Amendment to the Constitution of the United States, (2) that the Court award damages to Hardwick, (3) the Court require Armor to pay the legal costs and expenses herein including reasonable attorneys' fees, and (4) that the Court grant such further relief as it deems appropriate.

## DEMAND FOR TRIAL BY JURY

Hardwick demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: SEPT. 9, 2007

ATTORNEYS FOR PLAINTIFFS

CASSATA & HANSON, P.L.
320 Southeast Tenth Court
Fort Lauderdale, Florida 33316
Phone:     (954) 364-7803
Facsimile:   (954) 251-4787

BY: _____
Dion J. Cassata, Esq.
Fla. Bar No. 672564
dion@cassatahanson.com

GREG M. LAUER, P.A.
15 S.W. Tenth Street
Fort Lauderdale, Florida 33315
Phone:    (954) 559-0647
Facsimile: (954) 523-1994

BY: _____
Greg M. Lauer, Esq.
Fla. Bar No. 652709
greg@gregmlauer.com

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM.)

**I. (a) PLAINTIFF**
RICHARD HARDWICK,

07-61296

**DEFENDANTS**
AL LAMBERTI, individually, and in his official capacity as Sheriff of Broward County, Florida (Broward County Sheriff's Office), et al.

**MAGISTRATE JUDGE TURNOFF**

CIV - GOLD

**(b) COUNTY OF RESIGENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)
BROWARD

(BROWARD)
COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

0:07CV61296 Gold-Turnoff

FILED by ___ D.C.
INTAKE
SEP 12 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · FT. LAUD.

**(C) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)**
CASSATA & HANSON, P.L., 320 Southeast Tenth Court, Fort Lauderdale, Florida 33316, (954) 364-7803;
GREG M. LAUER, P.A., 15 Southeast Tenth Street, Fort Lauderdale, Florida 33315, (954) 559-0647

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE**
MONROE, **BROWARD**, DADE, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

THIS SUIT SEEKS TO REMEDY VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 et seq., (Overtime).

**IVA.** 3-4 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORT | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug-Related Seizure of Prop. 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury— Product Liability | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced & Corrupt Organization |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodity/Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (13958) | |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 195 Contract Product Liab. | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Econ. Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent, Lease & Eject. | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 900 Appeal of Fee Determ. Equal Access/Justice |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus and Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Const. of State Statute |
| ☐ 290 All Other Real Prop | | ☐ 550 Other | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
None (See instructions)
JUDGE _____ DOCKET NO. _____

DATE 9/12/2007

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 540959
Date Paid: _____
Amount _____
M/ifp: _____

540959